UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
APR 12 2021
FIFTH CIRCUIT

UNITED STATES OF AMERICA, :

     Plaintiff-Appellee, :

v.                        : Case No. 21-50065

FRANCISCO ARROYO,       :

     Defendant-Appellant. :

## APPELLANT'S BRIEF

Defendant-Appellant, Francisco Arroyo ("Arroyo"), proceeding pro se, asks this court to vacate the order of the district court denying his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), asserting: the district court failed to consider as an extraordinary and compelling reason the

fact he was not credited thirteen months of time served towards his federal sentence that, according to the court, should have been credited; the district court failed to consider the Department of Justice internal guidance issued on May 18, 2020, which directs the Government concede that defendants like Arroyo who have certain COC risk factors which include severe obesity can establish that "extraordinary and compelling reasons" warrant the reduction in sentence. For reasons discussed below, Arroyo's appeal must be granted.

## STATEMENT OF THE CASE

In 2013, Arroyo was convicted of a RICO conspiracy and sentenced to 240 months of imprisonment. (ECF No. 822). He is presently incarcerated at Allenwood USP in Pennsylvania and, is scheduled to be released on April 6, 2030.

On May 11, 2020, Arroyo filed his Motion for Reduction in Sentence which was dismissed by form order for failure to exhaust BOP administrative remedies. (ECF No. 1073). On November 9, 2020, Arroyo filed his second Motion to reduce sentence. (ECF No. 1077). That motion was denied on January 15, 2021.

In both motions, Arroyo maintained he suffers from sleep apnee and is morbidly obese, which renders him more susceptible

(3)

to the harmful effects of COVID-19 were he to contract the virus. Arroyo also argued that since his incarceration, he has dedicated his life to changing his character and had completed over 75 rehabilitative programs. (ECF No. 1077 at 3). Lastly, liberally construed, Arroyo argued he should be credited thirteen months of time served towards his federal sentence. (ECF No. 1077 at 8). The district court denied Arroyo's motion to reduce his sentence. A timely notice of appeal was filed and docketed. This appeal — Appellant's Brief — timely follows.

(4)

## STANDARD OF REVIEW.

The Fifth and Eleventh Circuit courts have not yet in a precedential opinion announced the standard of review for a denial of compassionate release under § 3582(c)(1)(A), but the statutory language indicates that the appropriate standard of review is abuse of discretion. United States v. Boykin, 2021 U.S. App. LEXIS 1638 (11th Cir. Jan. 21, 2021).

In regards to compassionate release motions submitted under § 3582(c)(1)(A), the Fifth Circuit stresses that such a motion must be thoroughly considered by a district court. United States v. Chambliss, 948 F.3d 691 (5th Cir. 2020). The district court must provide "a thorough factual

record for the appellate court's review — that's, specific factual reasons, including but not limited to due consideration of § 3553 (a) factors, for its decision. *Id.* at 693.

The reasoning in *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) that holds district courts to resolve all claims for relief raised in a petition for writ of habeas corpus, regardless whether habeas relief is granted or denied applies with equal force to motion for reduction of sentence under § 3582 (c)(1)(A).

Filings of a *pro se* litigant are to be liberally construed. *Coleman v. United States*, 912 F.3d 824 (5th Cir. 2019).

(6)

ARGUMENT

1. THE DISTRICT COURT'S ASSESSMENT OF ARROYO'S MEDICAL CARE IS BASELESS, CONCLUSORY AND ERRONEOUS

Arroyo claimed he suffers from sleep apnea and is morbidly obese, which renders him more susceptible to the harmful effects of COVID-19 were he to contract this virus. (ECF No. 1084 at 1).

The Government did not contest this claim nor did they contest the fact of BOP not providing him BI-PAP for his sleep apnea, a humidifier for his sleep apnea and not providing him dietary modifications for his 480 pound body. (ECF No. 1077, Exhibit A, Medical Records).

(7)

On May 18, 2020, the Department of Justice issued internal guidance which directs that the Government concede that Defendants who have certain CDC risk factors, including, ... severe obesity... can establish that "extraordinary and compelling reasons" warrant the reduction in sentence. See Exhibit One, United States v. Firebaugh IV, Case No. 16-20341-CR-UU, Government's Supplemental Response, Doc. 43 at 1, filed by AUSA Timothy J. Abraham, S.O. Fla.

Arroyo's severe obesity. coupled with sleep apnea in conjunction with BOP's lack of provisions described earlier presents "serious physical or medical conditions ... that substantially diminish the ability of [Arroyo] to provide

(8)

self-care within the environment of a correctional facility and from which he ... is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). See also Exhibit One at 1-2.

In its perfunctory form Order, the district court stated, "[n]o sentence reduction is necessary to provide [Arroyo] with needed medical care. [Arroyo's] medical records show he is receiving appropriate, effective treatment for his sleep apnea and obesity." See Exhibit Two, copy of Order Denying Motion to Reduce Sentence, dated January 15, 2021.

The district court's conclusory assessment of Arroyo's claim relies on

boilerplate language, to wit: "after considering the applicable factors provided in 18 U.S.C. § 3553 (a) and the applicable policy statements issued by the Sentencing Commission." Exhibit Two at 1.

Did the district court mis-read Arroyo's medical records? Was the district court apprised of the Department of Justice internal guidance issued on May 18, 2020? Did the district court consider U.S.S.G. § 1B1.13 cmt. n.1 (A)(ii)(I) ?

The district court's form Order denying Arroyo's motion to reduce his sentence does not provide this appellate court with a thorough factual record for meaningful appellate review.

(10)

If this court's precedent in United States v. Chambliss, supra, is to have any meaning, then, in order to decide whether the district court's assessment of Arroyo's medical care is baseless, conclusory and erroneous, ergo, whether the district court abused its discretion, this court should remand this case to the district court with instructions to establish a thorough factual record coupled with specific factual reasons for this court's review, if necessary.

(11)

2. THE DISTRICT COURT UTTERLY FAILED TO CONSIDER AS AN EXTRAORDINARY AND COMPELLING REASON THE FACT ARROYO WAS NOT CREDITED THIRTEEN MONTHS OF TIME SERVED TOWARDS HIS FEDERAL SENTENCE THAT WAS PREVIOUSLY AGREED BY THE COURT, HE SHOULD HAVE BEEN CREDITED

Courts must liberally construe pro se pleadings. In denying Arroyo's motion for reduction in sentence, he claimed, inter alia, that the district court should consider as an extraordinary and compelling reason the fact he was not credited thirteen months of time served towards his federal sentence that was previously agreed by the court, he should have

(12)

been credited. See Exhibit Three, ECF No. 1077, Motion to Reduce Sentence at 8.

There is not the slightest factual intimation that the district court considered this claim.

There appears to be no logical reason why the rule in Clisby v. Jones, supra, should not apply to claims contained in a § 3582 motion. Clisby, by its terms, applies to § 2254 petitions and its reasoning applies to § 2255 petitions. United States v. Spielvogel, 264 Fed. Appx. 823, 825 (11th Cir. 2008). Absent reason(s) otherwise, the district court was, and is, obligated to consider this claim.

(13)

In summary, the district court's Order denying relief offers conclusory insight rather than "particular" insight — that is, that a district court had a certain set of claims and facts before it does not tell a panel of Fifth Circuit Judges anything about which ones it considered and how it weighed them. Its easy to say the words, however, it takes a thorough factual record to give the words "meaning."

CONCLUSION

For the reasons discussed herein, Arroyo's appeal must be granted. And, any other relief this Court sees fit to grant.

Respectfully submitted;

Francisco Arroyo

Franciso Arroyo
87558-280
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Defendant-Appellant, pro se

Dated: April 8, 2021

7020 1290 0000 4036 2717

(15)

CERTIFICATE OF COMPLIANCE

Defendant - Appellant confirms that his "Appellant's Brief" is 15 pages ergo does not exceed 30 pages. (Not counting Exhibits, statement regarding oral argument, and the certificate of service and compliance)

_Francisco Arroyo_
Francisco Arroyo
Defendant - Appellant, pro se

Dated: April 8, 2021

STATEMENT REGARDING ORAL ARGUMENT

If this court deems oral argument is necessary, Defendant-Appellant request appointment of councel. Otherwise, at first blush, oral argument appears to be unnecessary.

Francisco Arroyo
Francisco Arroyo
Defendant-Appellant, pro se

Dated: April 8, 2021

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of "Appellant's Brief" w/ Exhibits was given to prison officials on 8th day of April, 2021, to be placed in the prison's internal mail system, to be mailed to plaintiff-appellee's counsel using U.S. mail, postage-free, to the below address:

* Ms. Jeannette Clack
* Mr. Joseph H. Gay Jr.
  U.S. Attorneys' Office
  601 N.W. Loop 410, #600
  San Antonio, TX 78216


*Francisco Arroyo*
Francisco Arroyo


Dated: April 8, 2021

* These persons may or may not be AUSA. Arroyo has no correspondence telling him who the AUSA's are representing USA on this appeal.